```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MICHIGAN
                         SOUTHERN DIVISION
```

ARDIAN KELLICI,

                Plaintiff,

                                    CIVIL CASE NO. 05-40053

v.

PHILIP WRONA, Special Agent in     HONORABLE PAUL V. GADOLA
Charge of the Bureau of            U.S. DISTRICT COURT
Immigration and Customs
Enforcement,

                Defendant.
_____/

## ORDER OF TRANSFER

Before the Court is Petitioner Ardian Kellici's petition for a writ of habeas corpus under 28 U.S.C. § 2241. Petitioner illegally entered the United States with his wife on September 14, 2000 using a false passport. On March 13, 2002 an immigration judge order that Petitioner and his wife be removed from the United States. Case No. Case No. A78-151-873/874. Although the petition was filed on February 14, 2005 while Petitioner was being detained by the Bureau of Immigration and Customs Enforcement ("ICE"), Petitioner was deported two days later on February 16, 2005, after a full deportation hearing and appeal to the Board of Immigration Appeals. The deportation was pursuant to the removal order of the Immigration Judge. Therefore, Petitioner is not challenging any detention, but rather the final administrative order of removal.

On May 11, 2005, the Real ID Act of 2005 was signed into law. The Act provides, in pertinent part:

> If an alien's case, brought under section 2241 of title 28, United States Code [28 USCS § 2241], and challenging a final administrative order of removal, deportation, or exclusion, is pending in a district court on the date of the enactment of this division, then the district court shall transfer the case (or the part of the case that challenges the order of removal, deportation, or exclusion) to the court of appeals for the circuit in which a petition for review could have been properly filed under section 242(b)(2) of the Immigration and Nationality Act (8 U.S.C. 1252), as amended by this section, or under section 309(c)(4)(D) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (8 U.S.C. 1101 note). The court of appeals shall treat the transferred case as if it had been filed pursuant to a petition for review under such section 242, except that subsection (b)(1) of such section shall not apply.

Real ID Act of 2005, Pub. Law 109-13, Div B, Title I, § 106(c), 119 Stat. 311 (May 11, 2005).  Thus, any petition for a writ of habeas corpus brought under 28 U.S.C. § 2241 challenging a final administrative order of removal, deportation, or exclusion, which is pending this Court as of May 11, 2005 must be transferred to the Sixth Circuit.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Petitioner's case, No. 05-40053, shall be **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit.

**IT IS FURTHER ORDERED** that the named respondent in this matter is properly Philip Wrona, Special Agent in Charge of the Bureau of

Immigration and Customs Enforcement.  Therefore, the Clerk shall amend the caption to reflect the proper respondent, as shown by the caption above.

**SO ORDERED.**


Dated: June 16, 2005                     s/Paul V. Gadola
                                         HONORABLE PAUL V. GADOLA
                                         UNITED STATES DISTRICT JUDGE


---

Certificate of Service

I hereby certify that on <u>June 20, 2005</u> , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
 Robert Haviland, Benjamin Whitfield, Jr.                                        , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                                                                          .

                                         s/Tammy Hallwood
                                         Tammy Hallwood, Deputy Clerk
                                         (810) 341-7845

---